UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIN HOLBROOK, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-246-GSL-JEM |
| MIKHAIL GALPERIN | |
| Defendants. | |

OPINION AND ORDER

Erin Holbrook, a prisoner without a lawyer, filed an amended complaint alleging she was denied constitutionally adequate medical care at the Allen County Jail. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Holbrook alleges Dr. Mikhail Galperin changed her medications after she entered the Allen County Jail and prescribed Metformin even though she was not diabetic. She alleges that after she was transferred to the Indiana Department of Correction, she was diagnosed with kidney disease caused by over-prescribed, unnecessary medications by Dr. Galperin.

Holbrook was a pretrial detainee, so these medical claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). As such, she was entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted). Based on the allegations in this complaint, it states a claim against Dr. Galperin.

The complaint also names Quality Care as a defendant. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, corporate "liability exists only when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quotation marks omitted). The amended complaint makes no mention of a policy or custom of Quality Care which caused Holbrook any injury. To the extent that it was a Quality Care policy (rather than a jail policy) that required her medications be reviewed when she entered the jail, the complaint make no mention of any injury that resulted from that requirement and the brief interruption in her receiving medication that it may have caused.

For these reasons, the court:

(1) GRANTS Erin Holbrook leave to proceed against Dr. Mikhail Galperin in his individual capacity for compensatory and punitive damages for changing her medications causing her to develop kidney disease in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Quality Care;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Mikhail Galperin at Quality Correctional Care, LLC, with a copy of this order and the amended complaint (ECF 13);

(5) ORDERS Quality Correctional Care, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Mikhail Galperin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 30, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT